UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 18 CR 533 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| JOSEPH GHANDOUR, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

A federal grand jury indicted Joseph Ghandour with one count of knowingly selling or otherwise disposing of a firearm to an individual that he knew, or had reasonable cause to believe, had been convicted of a crime punishable by a term exceeding one year, in violation of Title 18, United States Code, Section 922(d)(1). On February 3, 2022, following a two-day trial, a jury returned a guilty verdict against Ghandour. Ghandour now moves for a judgment of acquittal, or alternatively, a new trial. In his motion for a judgment of acquittal, he challenges the sufficiency of the evidence, arguing that the government failed to prove that he transferred the firearm to a felon because the felon never legally possessed the firearm. But because the jury had sufficient evidence to find beyond a reasonable doubt that Ghandour sold or otherwise disposed of a firearm to a felon, the Court denies Ghandour's motion for a judgment of acquittal. In support of his motion for a new trial, Ghandour generally argues that both the Court and the government committed errors that deprived him of a fair trial. The Court finds no errors in its rulings and to the extent that the challenged government actions were erroneous, they were not prejudicial to the jury's verdict and did not result in a gross miscarriage of justice. Thus, the Court also denies Ghandour's motion for a new trial.

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 29 allows a defendant to challenge the evidence after the close of the government's case, or after the close of all evidence, as "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a); *United States v. Kohli*, 847 F.3d 483, 489 (7th Cir. 2017). The Court will only overturn the jury's verdict if "after viewing the evidence in the light most favorable to the government, the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Wrobel*, 841 F.3d 450, 454 (7th Cir. 2016) (citation omitted). "When challenging a conviction based on sufficiency of the evidence, a defendant bears a 'heavy' burden that is 'nearly insurmountable.'" *Kohli*, 847 F.3d at 489 (citation omitted).

Federal Rule of Criminal Procedure 33 allows "a district court to grant a timely request for a new trial 'if the interest of justice so requires.'" *United States v. O'Malley*, 833 F.3d 810, 811 (7th Cir. 2016) (quoting Fed. R. Crim. P. 33(a)). The Court should only grant a new trial if the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand," *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007) (alteration in original) (citation omitted), or "if there is a reasonable possibility that [a] trial error had a prejudicial effect on the jury's verdict," *United States v. Maclin*, 915 F.3d 440, 444 (7th Cir. 2019). "The ultimate inquiry is whether the defendant was deprived of a fair trial." *United States v. Friedman*, 971 F.3d 700, 713 (7th Cir. 2020) (citation omitted).

**ANALYSIS**

**I.  Motion for a Judgment of Acquittal**

To convict Ghandour under 18 U.S.C. § 922(d)(1), the government had to prove beyond a reasonable doubt that: (1) Ghandour sold or otherwise disposed of a firearm; (2) the individual to

whom Ghandour sold or disposed of the firearm was a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (3) Ghandour knew or had reasonable cause to believe that the individual was a person who had been convicted of a crime punishable by imprisonment for more than one year. 18 U.S.C. § 922(d)(1); 7th Cir. Pattern Criminal Jury Instructions, 18 U.S.C. § 922(d) Sale or Transfer of a Firearm or Ammunition to a Prohibited Person—Elements. Section 922 does not define the terms "sell" or "dispose of." 18 U.S.C. § 922. However, the Supreme Court and Seventh Circuit have provided some guidance. The Supreme Court has stated that a "sale" in the context of Section 922 "has definite connotations of ownership and title," *Huddleston v. United States*, 415 U.S. 814, 821 (1974), while the Seventh Circuit has found that "to transfer a firearm so that the transferee acquires possession of the firearm" is an accurate description of the term "dispose of" in Section 922, *United States v. Jefferson*, 334 F.3d 670, 675 (7th Cir. 2003). *See also* 7th Cir. Pattern Criminal Jury Instructions 18 U.S.C. § 922(d) Sale or Transfer of a Firearm or Ammunition to a Prohibited Person—Elements, Comm. Cmt.

On July 28, 2017, according to both the testimony and evidence presented at trial, Ghandour met with a confidential informant ("CI") to sell the CI a firearm for $1,200. After the CI gave Ghandour the money, the CI called an undercover officer, Task Force Officer Frank Teutonico, and instructed him to come retrieve the firearm. Teutonico arrived, took the firearm from Ghandour, and placed it inside the trunk of his car. For the purposes of this motion, Ghandour does not contest that the CI is a felon or that Ghandour knew, or had reasonable cause to believe, that the CI was a felon. Instead, he argues that because Teutonico took physical possession of the firearm instead of the CI, the government failed to prove that Ghandour sold or otherwise disposed of the firearm to a felon. In response, the government argues that it admitted

sufficient evidence at trial for the jury to reasonably conclude that the CI owned and constructively possessed the firearm once he paid Ghandour and thus, the government sufficiently proved that Ghandour sold or disposed of the firearm to a felon.

The parties seemingly agree that "[a] person possesses an object if he knowingly has the ability and intention to exercise control over the object, either directly or through others." 7th Cir. Pattern Criminal Jury Instructions 4.13; *see also United States v. Quilling*, 261 F.3d 707, 712 (7th Cir. 2001). Ghandour argues that the CI did not possess the firearm because he never had the intention, or ability, to exercise control over the firearm given that it was a sting operation; instead, Ghandour argues that law enforcement controlled the firearm. However, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." *United States v. Gonzalez*, 737 F.3d 1163, 1168 (7th Cir. 2013) (citation omitted). While a rational juror could have found that the CI never intended to exercise control over the firearm, viewing the evidence in the light most favorable to the government, the jury also certainly had a sufficient basis to conclude that the CI intended to exercise control over the firearm through Teutonico and/or that Ghandour transferred ownership and possession of the firearm to the CI once he received payment for the firearm directly from the CI. *Cf. United States v. Maas*, No. 05-CR-245, 2006 WL 1479545, at *3 n.4 (E.D. Wis. May 25, 2006) (finding defendant disposed of a gun to a felon under § 922(d)(1) even though "he did not directly hand the gun" to the felon because the felon effectively controlled the gun when defendant placed the gun in a safe, to which the felon had a key, in the felon's house). As a result, the Court finds that the jury had sufficient evidence to convict Ghandour for selling or disposing of a firearm to a felon and thus denies Ghandour's motion for a judgment of acquittal.

## II. Motion for a New Trial

Alternatively, Ghandour generally argues that errors the Court and government made before and during the trial deprived him of a fair trial. Ghandour's bare arguments are unavailing.

### A. Evidence Regarding Potential Drug Sales

First, he contends that the Court erroneously admitted his statements about potential drug sales in violation of Federal Rule of Evidence 404(b) and the parties' pretrial agreement. Before the trial, the parties agreed that they would solely admit evidence related to the charged transaction on July 28, 2017, and the Court granted Ghandour's motion *in limine* to bar the government from presenting testimony, evidence, or argument regarding any proposed or completed transaction other than the charged transaction. However, during defense counsel's re-cross-examination of the CI, he asked if the CI had ever told Ghandour he was a drug dealer, to which the CI said no. The government then requested a sidebar, seeking permission to admit a portion of a recorded conversation between the CI and Ghandour in which the CI told Ghandour he had drugs to sell and asked Ghandour whether drugs would be an acceptable form of payment for the firearm. The government argued that although it had previously agreed to omit that portion of the conversation, defense counsel had put it at issue by asking the CI if he had ever told Ghandour that he was a drug dealer. Ghandour objected to admitting the recorded conversation, arguing that defense counsel's question did not open the door and that Rules 403 and 404(b) barred its admission. The Court overruled Ghandour's objection and allowed the government to admit the portion of the recorded conversation, finding that the conversation did not constitute other-bad-acts evidence under Rule 404(b) but instead was direct evidence of Ghandour's knowledge of and state of mind regarding the CI's status as a felon. The Court sees no error in its rulings.

Rule 404(b) prohibits admitting evidence of a bad act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but it allows admitting the same evidence for another purpose, such as knowledge. Fed. R. Evid. 404(b)(1)–(2). Yet, "Rule 404(b) does not apply to direct evidence of the crime charged." *United States v. Elmer*, 980 F.3d 1171,1175 (7th Cir. 2020) (citation omitted). In other words, "[e]vidence that 'tend[s] to prove the elements of the offense' does not violate Rule 404(b)." *United States v. Bradford*, 905 F.3d 497, 506 (7th Cir. 2018) (second alteration in original) (citation omitted).

The recorded conversation in which the CI asked Ghandour if he could give Ghandour drugs in exchange for a firearm tends to prove an element of the offense: whether Ghandour knew or had reasonable cause to believe that the CI was a felon. 18 U.S.C. § 922(d)(1); 7th Cir. Pattern Criminal Jury Instructions, 18 U.S.C. § 922(d) Sale or Transfer of a Firearm or Ammunition to a Prohibited Person—Elements. The CI asked Ghandour this question during the same conversation in which the parties negotiated the charged transaction; it is not evidence of an "other bad act," but instead is evidence that directly supports the charged crime. *Cf. United States v. Haskins*, 511 F.3d 688, 694 (7th Cir. 2007) (noting that jury could reasonably infer from defendant's prior conversations with the felon that he "was ineligible to buy a gun for himself"); *Maas*, 2006 WL 1479545, at *3 (finding defendant knew or had reasonable cause to believe that the individual who he gave firearm to was a felon in part because the "defendant was aware of [his] state of affairs").

Moreover, the government only sought to admit the evidence after defense counsel broached the subject. Defense counsel asked the CI if he had told Ghandour he was a drug dealer with the intent of arguing that because the CI had not explicitly done so, Ghandour did not

6

know or have reasonable cause to believe the CI was a felon. Ghandour clearly put whether the CI told Ghandour he was a drug dealer at issue and opened the door for admission of the conversation. *See United States v. Anifowoshe*, 307 F.3d 643, 649 (7th Cir. 2002) ("The district court is within its discretion in allowing testimony if the objecting party has already opened the door for such testimony."). To counter defense counsel's question, the government offered the conversation as proof that Ghandour knew, or had reasonable cause to believe, that the CI was convicted of a crime punishable by a term of more than one year, an element of the crime charged.

Further, while the evidence may be damaging to Ghandour, Rule 403 only protects against unfair prejudice. *See United States v. Lloyd*, 71 F.3d 1256, 1265 (7th Cir. 1995) ("Rule 403 was never intended to exclude relevant evidence simply because it is detrimental to one party's case; rather, the relevant inquiry is whether any unfair prejudice from the evidence substantially outweighs its probative value." (citation omitted)). In admitting this evidence at trial, the Court found that any unfair prejudice did not substantially outweigh the probative value of the conversation. *See United States v. Vargas*, 552 F.3d 550, 557 (7th Cir. 2008) ("[M]ost relevant evidence is, by its very nature, prejudicial . . . [but] evidence must be *unfairly* prejudicial to be excluded." (citation omitted)). The Court declines to revisit its prior decision and continues to find that it properly admitted this portion of the recorded conversation.

  **B.**  **Government's Failure to Disclose Benefits**

Second, Ghandour argues that the government failed to disclose to the defense before the trial various benefits that the CI received. Ghandour specifically points to benefits that the CI testified to at trial, including the government returning money and multiple seized vehicles to the CI and failing to terminate his CI agreement despite known arrests and instances of misconduct.

7

Yet, Ghandour asserts that he does not limit his motion to these benefits and that he "incorporates as though fully set forth herein the oral arguments made in open court." Doc. 79 at 6. However, as Ghandour acknowledges, the Court addressed his argument during the trial. Ghandour's motion fails to raise any new arguments, explain why this failure to disclose requires a new trial, or cite any authority that supports his argument. Therefore, he waived the argument. *See United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) ("We have repeatedly warned that 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.'" (citation omitted)); *United States v. Benalcazar*, No. 09 CR 144, 2011 WL 4553027, at *11 n.2 (N.D. Ill. Sept. 29, 2011) (refusing to address a defendant's undeveloped arguments for a new trial).

Nevertheless, the Court finds that any such failure to disclose did not deprive Ghandour of a fair trial. "In order to evaluate a claim of prosecutorial misconduct to determine if it deprived a defendant of a fair trial, we conduct a two-part inquiry. First, we determine whether the challenged conduct was improper, and second, we evaluate the conduct in light of the trial as a whole to decide if it deprived the defendant of a fair trial." *United States v. Iacona*, 728 F.3d 694, 698–99 (7th Cir. 2013) (citations omitted). In response to Ghandour's motion, the government denies any wrongdoing and contends that it provided Ghandour with all the necessary documents prior to and after the CI's testimony. The government also notes that it made the CI available for Ghandour to re-call after providing him with new documents during the trial but that Ghandour chose not to do so, effectively waiving any objection to the government's failure to disclose the information earlier. Given the lack of detail provided in Ghandour's motion, the Court cannot adequately determine if the government's conduct was improper.

But even if it was, considering any such misconduct in light of the entire record, the error did not deprive Ghandour of a fair trial. "[W]e do not punish prosecutors for government misconduct by reversing convictions." *United States v. McGee*, 408 F.3d 966, 984 (7th Cir. 2005) (citation omitted). Instead, "[w]e evaluate 'whether the improprieties impacted the outcome of the trial, and we will reverse only if there is a reasonable probability that, in the absence of the improprieties, the defendant would have been acquitted.'" *United States v. Smith*, 674 F.3d 722, 729 (7th Cir. 2012) (citations omitted). Here, on cross-examination of the CI, Ghandour elicited testimony regarding numerous benefits the CI received from the government in exchange for acting as a CI. Despite this, the jury convicted Ghandour. Moreover, even without the CI's testimony, the government's evidence of Ghandour's guilt was overwhelming, including: recorded conversations between the CI and Ghandour discussing the charged transaction, photographs of the transaction, and testimony of law enforcement officers that corroborated the remainder of the evidence. Thus, even assuming an impropriety occurred and that Ghandour did not waive this argument, there is not a reasonable probability that disclosure of the additional benefits before the trial would have led to Ghandour's acquittal. *See United States v. Cusimano*, 148 F.3d 824, 832 (7th Cir. 1998) (affirming denial of motion for new trial where defendant claimed he discovered new evidence that could have been used to impeach the CI because defendant failed to show "that the newly-discovered evidence was material and not merely impeaching or cumulative, and would probably lead to an acquittal in the event of a new trial").

### C. Closing Argument

Third, Ghandour argues that the government committed reversible error in its closing argument by commenting on facts not admitted in evidence. In its closing argument, the

government argued that Ghandour knew or had reasonable cause to believe that the CI was a felon because the firearm transaction did not involve paperwork. Ghandour contends this was impermissible because the government did not introduce evidence at trial that the law requires paperwork for a legitimate firearm sale. Although the Court agrees that the statement improperly commented on facts not in evidence, "improper statements during closing argument rarely constitute reversible error," *United States v. Wolfe*, 701 F.3d 1206, 1211 (7th Cir. 2012), and Ghandour again fails to explain why this remark deprived him of a fair trial or cite any authority to support of his argument. Therefore, he waived the argument. *See Holm*, 326 F.3d at 877; *United States v. Fechete*, No. 06 CR 923-1, 2008 WL 4200286, at *1 (N.D. Ill. Sept. 10, 2008) ("[A] movant under Rules 29 and 33 bears the responsibility of 'develop[ing] his arguments and present[ing] the court with adequate grounds and authority to grant the relief requested.'" (second and third alterations in original) (citation omitted)).

Even considering the appropriate factors, *see Friedman*, 971 F.3d at 714 (citation omitted), the Court would not find that this remark deprived Ghandour of a fair trial. The Court does not believe the remark was intentional and it was certainly not serious; the defense had ample opportunity to counter any possible prejudice in his closing argument thereafter; the Court instructed the jury that any of the lawyers' statements and arguments were not evidence; and there was an overwhelming amount of evidence supporting the conviction. Specifically, there was a substantial amount of evidence supporting the element for which the government made the remark (the fact that Ghandour knew or had reasonable cause to believe that the CI was a felon), including: the CI told Ghandour that he had been to prison twice before, he did not want to go back, and he could not get caught with a firearm; the CI told Ghandour that he had drugs to trade in exchange for a firearm; the transaction took place in a grocery store parking lot; Ghandour

10

concealed the firearm in a black garbage bag for the transaction; and the firearm was homemade and untraceable. Therefore, the government's stray remark in closing arguments certainly does not warrant a new trial. *See Wolfe*, 701 F.3d at 1213 (upholding denial of motion for new trial where the "prosecutor's remarks were neither serious nor substantial mistakes," defense had an opportunity to respond, the court instructed the jury that the arguments were not evidence, and "the evidence supporting the conviction was more than sufficient").

### D. Cumulative Effect

Finally, Ghandour generally argues that the "Court erred in denying [his] other oral and written motions prior to and during the trial" and that each of the trial errors taken together caused a cumulative effect that requires a new trial. Doc. 79 at 6. However, instead of making additional substantive arguments as to why the Court's prior decisions are incorrect, Ghandour merely incorporates his prior motions by reference. It is not the Court's job to sift through the trial record—let alone the record of the entire case—to identify arguments and objections that could individually or cumulatively show the need for a new trial. *See United States v. Williams*, 877 F.2d 516, 519 (7th Cir. 1989) (explaining that it is not the Court's "duty to comb the record in order to discover possible errors" that undermine a conviction); *Holm*, 326 F.3d at 877 (explaining that "even in the criminal context," it is not the court's obligation "to research and construct the legal arguments open to parties, especially when they are represented by counsel" (citations omitted)). Further, because the Court does not find that it committed any error and that to the extent the government committed any error, it was not prejudicial to the jury's verdict, it

also finds that there was no cumulative effect that requires a new trial. As a result, the Court denies Ghandour's motion for a new trial.

## CONCLUSION

For the foregoing reasons, the Court denies Ghandour's motion for a judgment of acquittal, or alternatively, a new trial [79].

Dated: June 14, 2022

									_____
									SARA L. ELLIS
									United States District Judge